# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-659V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
```
                                      *
CHRISTINE MARQUIS,                    *
                                      *      Special Master Corcoran
                                      *
                Petitioner,            *      Filed:  April 25, 2017
                                      *
        v.                            *      Decision; Attorney's Fees and Costs.
                                      *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                Respondent.            *
                                      *
```
* * * * * * * * * * * * * * * * * * * * * * * * *

*Lawrence R. Cohan,* Anapol Weiss, Philadelphia, PA, for Petitioner.

*Michael Patrick Milmoe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On June 25, 2015, Christine Marquis filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of her November 6, 2012, receipt of the influenza vaccine. The parties filed a stipulation for damages on October 27, 2016 (ECF No. 24), which I adopted by decision that same day. ECF No. 25.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be made public in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated March 28, 2017. *See* ECF No. 30. Respondent filed a response on April 14, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 31 at 2. Petitioner then filed a reply reiterating her arguments as to why an award of attorney's fees and costs were appropriate, as well as requesting an additional $725.00 for 2.5 hours of work performed by Mr. Carney on that reply brief. ECF No. 32.

Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $31,565.63. This amount represents $480 billed by Larry Cohan ($400/hr for 1.2 hours), $24,998.00 by David Carney ($290/hr), $1,087.50 by the paralegal ($125/hr), and $5,000.13 in costs. ECF No. 30. In accordance with General Order #9, Petitioner affirmed that she incurred no out-of-pocket costs.

The total amount of attorney's fees requested for Mr. Cohan are reasonable and in keeping with the decisions of other special masters. *Gannuscio v. Sec'y of Health & Human Servs.,* No. 15-344, 2017 WL 1228701, at *2 (Fed. Cl. Spec. Mstr. March 7, 2017). The hourly rate requested is also consistent with my prior determinations. *See Kelley v. Sec'y of Health & Human Servs.,* No. 14-505V, 2016 WL 1594008, at *1 (Fed. Cl. Spec. Mstr. March 29, 2016). I similarly find that the paralegal and administrative costs requested are reasonable and award them in full.

However, consistent with the recent decisions by Special Master Gowen and myself, I will reduce the requested hourly rate of Mr. Carney from $290 to $275, from 2014 through October 2016. This results in a total reduction of $1,475.50, and reflects a rate that falls within the ranges established by *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for an attorney of Mr. Carney's experience. *See e.g., Gannuscio*, 2017 WL 1228701, at *2; *Shaikh v. Sec'y of Health & Human Servs.*, No. 13-767V, 2016 WL 4933613 (Fed. Cl. Spec. Mstr. Aug. 11, 2016); *Rodd v. Sec'y of Health & Human Servs.*, No. 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. Apr. 13, 2016). In addition, although in previous instances I have reduced the number of hours spent on a reply brief such as the one filed here, I do not find that two and half hours is excessive and will award the amount requested in the reply brief. *Kelley*, 2016 WL 1594008, at *2.

After applying the reduction to Mr. Carney's rate, the total award is $30,090.13, to be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Lawrence Cohan, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-

2

15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

    **IT IS SO ORDERED.**

                                                   /s/ Brian H. Corcoran
                                                   Brian H. Corcoran
                                                   Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.